## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KATANI SUMNER, <br>    Plaintiff, <br> v. <br><br> NEWTON PUBLIC SCHOOLS and <br> NEWTON SCHOOL COMMITTEE, <br>    Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. <br><br><br> **COMPLAINT AND DEMAND** <br> **FOR JURY TRIAL** |

## INTRODUCTION

1. Plaintiff Katani Sumner ("Plaintiff" or "Sumner"), by and through her undersigned counsel, brings this action against Newton Public Schools and the Newton School Committee.

2. This action arises from Defendants' unlawful refusal to promote Plaintiff, a highly qualified Black woman over the age of forty, to the position of Dean of Cutler House at Newton South High School ("NSHS") in 2023.

3. Defendants' actions constitute unlawful discrimination based on race, color, sex, and age, in violation of: Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. ("Title VII"); The Age Discrimination in Employment Act of 1967, 29 U.S.C. §621 et seq. ("ADEA"); and The Massachusetts Fair Employment Practices Act, G.L. c. 151B.

## PARTIES

4. Sumner resides at 23 Webster St., Hyde Park, Massachusetts 02136.

5. The Defendant, Newton School Committee is the governing body for Newton Public Schools with a principal place of business located at 100 Walnut Street, Newtonville,

1

Massachusetts 02460 and is an "employer" within the meaning of Title VII, the ADEA, and G.L. c. 151B.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over Plaintiff's federal claims under 28 U.S.C. §1331 (federal question jurisdiction) and 28 U.S.C. §1343 (civil rights jurisdiction).

7. This Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. §1367(a), as they arise from the same nucleus of operative facts as the federal claims.

8. Venue is proper in this District under 28 U.S.C. §1391(b), because the events and omissions giving rise to Plaintiff's claims occurred within the District of Massachusetts, and all parties reside or do business within the District.

## FACTS

### A. Administrative Action

9. On or about September 23, 2023, Plaintiff timely filed a Charge of Discrimination with the Massachusetts Commission Against Discrimination ("MCAD"), which was dual-filed with the Equal Employment Opportunity Commission ("EEOC").

10. Plaintiff filed an amended charge on or about June 30, 2024, adding a claim of sex discrimination.

11. More than 180 days have elapsed since the filing of her original charge. Plaintiff has received a Notice of Right to Sue from EEOC and is filing this Complaint within 90 days thereof.

### B. Sumner is a highly credentialed and qualified educator

12. Sumner is over the age of forty and has been employed by Newton Public Schools since approximately 2002.

13. Sumner earned an A.B. from Brown University, an EdM in Education Administration from Fitchburg State University and an EdM, Language and Literacy/Reading from Harvard University's Graduate School of Education.

14. Sumner holds Massachusetts Principal/Assistant Principal licensure from the Massachusetts Department of Elementary and Secondary Education.

15. For 18 years Sumner has served NSHS students through roles including METCO Counselor/Teacher, Afterschool Tutoring Supervisor, Director of the Legacy Scholars Program and was the creator and director of multiple inclusion-focused initiatives including, among other initiatives, the NSHS Gospel Choir Harambee/Voices of Inspiration.

**C.   The Dean of Cutler House vacancy**

16. In early 2023 the Newton Public Schools posted a vacancy for Dean of Cutler House listing administrative certification, leadership skills, counseling skills and experience with student support as qualifications for the position.

17. Sumner possessed all of the objective qualifications listed in the job description for the dean position.

18. A search committee advanced three finalists: Sumner; Jennifer Knight (Black female); and Ted Delicandro (White male).

**D.   The selection process and discriminatory remarks**

19. Throughout the process staff expressed a preference for Delicandro because he had briefly served as interim dean during NSHS' Principal, Tami Stras' ("Stras") maternity leave.

20. Delicandro possessed one Master's Degree, was a special education teacher at NSHS and had far less leadership experience than Sumner.

3

21. On or about June 23, 2023, Delicandro was hired as Dean of Cutler House rather than Sumner.

22. No Black woman sat on the final-round selection panel for the Dean of Cutler House.

23. Upon information and belief, no Black female has held the role of Dean in either NSHS or, it's counterpart, Newton North High School.

24. After Delicandro was hired, Sumner met with Stras and Lisa Gilbert-Smith, METCO Director, ("Gilbert-Smith") to discuss feedback submitted by participants in the selection process for the Dean of Cutler House.

25. During the meeting, Stras emphasized feedback that asserted that Sumner would "advocate for one kind of student" and questioned her ability to "help all students feel seen," invoking racial stereotypes about Black women leaders.

26. This feedback included racially coded critiques of Sumner's communication style, confidence, and alleged inability to "connect with all students." These criticisms were unsupported by her extensive experience serving diverse student populations.

27. Feedback regarding Plaintiff's "communication style" included references to her being "fast-talking," "self-promoting," and potentially "intimidating" demonstrating common racialized and gendered stereotypes that is indicative of discrimination.

28. Gilbert-Smith added that, unlike white men, "people of color… don't get a pass," equating candid communication by a Black woman with being "intimidating" or "arrogant."

29. Defendants' stated reasons for bypassing Sumner including the fact that she was "self-focused," lacked "nuanced leadership," or failed to present "new ideas" were unfounded, inconsistent, and contradicted by her record of 22 years of exemplary evaluations.

4

30. After the decision to hire Delicandro, Principal Tami Stras said to Sumner "[d]on't you think it killed me that I had two Black women candidates, and I had to hire the white man?" or words to that effect.

### E. Harm to Plaintiff

31. Defendants' actions deprived Sumner of salary, retirement benefits, and career advancement and caused humiliation, emotional distress, reputational harm, and other damages.

## CAUSES OF ACTION

### Count I – Discrimination in Violation of Title VII (42 U.S.C. §2000e-2)

32. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 32 above as if set forth fully herein.

33. Plaintiff is a member of protected classes based on race, color, and sex.

34. Sumner was objectively qualified for the dean position, was denied the promotion, and the job went to a similarly or less-qualified applicant outside her protected classes.

35. Race, color, and/or sex were motivating and/or "but-for" factors in Defendants' decision.

### Count II – Age Discrimination in Violation of the ADEA (29 U.S.C. §623(a))

36. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 36 above as if set forth fully herein.

37. Plaintiff is over forty.

38. Defendants promoted an applicant at least five years younger than Sumner with inferior credentials.

39. Age was a determinative factor in the failure to promote.

### Count III – Discrimination in Violation of G.L. c. 151B, §4

40. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 40 above as if set forth fully herein.

41. Defendants, as public employers, denied Plaintiff promotion because of her race, color, sex, and age, all in violation of c. 151B §4(1) and §4(1C).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Enter judgment for Plaintiff on all counts;

b. Declare that Defendants violated Title VII, the ADEA, and G.L. c. 151B;

c. Enjoin Defendants from further discrimination and order instatement as Dean or, in the alternative, front pay;

d. Award back pay, lost benefits, and other economic damages;

e. Compensate Plaintiff for emotional distress and other noneconomic harm;

f. Award punitive damages under Title VII and G.L. c. 151B;

g. Grant reasonable attorneys' fees and costs under 42 U.S.C. §1988, 29 U.S.C. §626(b), and G.L. c. 151B §9;

h. Provide prejudgment and post-judgment interest; and

i. Grant such further relief as the Court deems just.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

                                                  Respectfully submitted,

                                                  KATANI SUMNER

                                                  By her attorneys,

                                                  /s/ Diane M. Murphy
                                                  Diane M. Murphy (BBO #630061)
                                                  /s/ Daniel S. O'Connor
                                                  Daniel S. O'Connor (BBO # 634218)
                                                  D.S. O'Connor & Associates, P.C.
                                                  470 Washington Street, Suite 30
                                                  Norwood, MA 02062
                                                  dmurphy@law-dso.com
                                                  doconnor@law-dso.com
                                                  617-655-6788

Dated: July 1, 2025